UNITED STATES DISTRICT COURT　　　SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
August 03, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| Karen Louise Baskin, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | Civil Action H-21-3475 |
| § | |
| Kilolo Kijakazi, § | |
| § | |
| Defendant. § | |

## Opinion on Summary Judgment

1. *Introduction.*

The question is whether substantial evidence supports the commissioner's decision that Karen Louise Baskin is not disabled under the Social Security Act. It does.

2. *Standard of Review.*

Baskin brought this action for judicial review of the commissioner's final decision to deny her disability insurance benefits. *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

Judicial review is limited to determining whether substantial evidence in the record supports the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3. *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if she works for substantial gain. Second, a claimant is not disabled unless she has been medically impaired for at least twelve months. Third, a claimant is not disabled unless her impairment meets one listed in appendix 1 of the regulation. Fourth, if the

commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on his capacity to work. If the claimant is able to perform her past work, she is not disabled. Fifth, a claimant is not disabled if she can adjust to other work that is a significant part of the national economy. 20 C.F.R. § 404.1520(a) (2003).

4. *Evidence.*
   A. *Background.*

Baskin is a 62-year-old woman who says that she is disabled by: (a) back problems; (b) knee problems; (c) hypertension; (d) carpal tunnel syndrome; (e) obesity; and (f) depression.

Baskin has a high-school education and has worked as a client services executive and a customer facility supervisor. When she applied for social security, she said that her disability had begun on September 18, 2018.

The hearing officer found that Baskin's impairments did not meet or equal a listed impairment. He decided that Baskin could do light work.

   B. *Application.*

The hearing officer properly found that Baskin was not disabled. The process was correctly followed.

First, Baskin has not been gainfully employed. Second, the hearing officer found that Baskin's knee and spine disorders, hypertension, carpal tunnel syndrome, and obesity were severely impairing her. Third, none of Purvis's impairments met one listed. Fourth, the officer determined that Baskin could do light work with moderate limitations after considering the combined effects of her impairments. The officer found that Baskin could find work in the national economy as a client services executive and customer facility supervisor.

Baskin argues that the hearing officer erred by: (a) not addressing her limitations while using a cane; (b) finding that her capacity for competitive employment is less than sedentary; (c) not considering her medically determinable impairments; (d) improperly relying on the vocational expert's response to an incomplete hypothetical; (e) not considering her non-exertional

impairment of pain; (f) not fully developing the issue of her reduced bilateral manual dexterity; (g) not adequately evaluating her obesity; and (h) relying on fatally flawed vocational expert testimony.

Baskin says that not addressing the impact of the use of a cane on her work-related activities resulted in an unsupported capacity determination. She highlights that, because she needs a cane to walk, she likely could not perform the two light jobs identified by the vocational expert. The hearing officer found that she could use a cane and that she could walk for three hours total in an eight-hour workday. He adequately addressed the impact of the use of the cane on her work-related activities because he found that she could use her dominant hand, ambulate effectively, and occasionally use ramps or stairs with handrails, but never could be required to climb or lift more than 20 pounds occasionally.

She claims that the hearing officer did not consider her medically determinable impairments and non-exertional pain and improperly relied on the vocational expert's response to an incomplete hypothetical. The hearing officer says that he incorporated elements of the vocational expert's capacity determination in his hypothetical questions. The record contains substantial evidence that the officer considered her mental health, obesity, surgeries and medications, daily activities, all aspects of her pain, and medical history and medical expert testimony. The officer noted that the Dictionary of Occupational Titles does not address limitations for only one upper extremity, the need for a sit/stand option, or the need for a cane. The vocational expert testified that despite Baskin's mental, environmental, and postural limitations, she could still perform jobs she references as past relevant work.

Baskin says that the hearing officer did not fully develop the issue of her manual dexterity, which significantly eroded the light occupational base available to her. The hearing officer claims that Subramaniam Krishnamurthi's testimony that she had recovered from her carpal tunnel release surgery and could frequently handle, finger, grasp, feel, and maneuver with her right hand was consistent with the consultive examiner's findings. He also considered the medical opinions of Farzana Sahi, Leonardo Espitia, and Munir Shah and concluded that their opinions that Baskin was limited by her carpal tunnel contradicted her treatment records. The record contains substantial evidence

supporting the hearing officer's claim that he fully considered her manual dexterity.

Baskin claims that the hearing officer did not properly explain or consider how her extreme obesity affected her functioning for a capacity determination. The officer says that he evaluated her obesity, along with her other impairments, and restricted her to a reduced range of light work. The record shows that the hearing officer properly considered the effects of her extreme obesity because he determined that, as a result, she could stand or walk for about 15 minutes at a time, sit down after 15 minutes, and use a cane and handrail, but never be required to climb ropes, ladders, or scaffolds.

Baskin claims that the vocational expert's testimony was flawed because she never worked as an office executive or supervisor manager. The hearing officer says that her argument is without merit. The vocational expert reviewed her work history report and concluded that her past relevant work was best classified as a client services executive and customer facility supervisor. The officer also asked the expert hypothetical questions that reasonably incorporated the restrictions he recognized. He was entitled to rely on the experience and expertise of the expert.

The hearing officer's determination is supported by substantial evidence.

5. *Conclusion.*

The commissioner's decision denying Baskin's claim for disability insurance is supported by substantial evidence and will be affirmed. Karen Louise Baskin will take nothing from Kilolo Kijakazi.

Signed on August **2**, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge